974 F.2d 1344
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lukhman HASSAN, Defendant-Appellant.
 No. 91-10565.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 24, 1992.*
Decided Sept. 2, 1992.
 
 Appeal from the United States District Court for the Eastern District of California, No. CR-91-00081-EJG; Edward J. Garcia, District Judge, Presiding.
 E.D.Cal.
 AFFIRMED.
 Before BRUNETTI, RYMER and KLEINFIELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lukhman Hassan appeals his sentence, imposed under the United States Sentencing Guidelines ("Guidelines"), following his conviction by guilty plea for bankruptcy fraud (Count I) and making false statements to a financial institution (Count XVI) in violation of 18 U.S.C. §§ 152 and 1014 respectively. Hassan claims the district court erred by increasing his offense level pursuant to Guidelines § 2F1.1(b)(1) based on a finding that he had caused "loss" in the amount of $640,000. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review for clear error a district court's assessment of the probable loss caused by a defendant's fraud. United States v. Joetzki, 952 F.2d 1090 (9th Cir.1991); United States v. Nazifpour, 944 F.2d 472, 474 (9th Cir.1991); United States v. Davis, 922 F.2d 1385, 1388 (9th Cir.1991). For sentencing purposes, probable loss "refers not to the probability that an attempt will succeed, but rather to the amount of loss that the victim probably would suffer, assuming the attempt did succeed." Davis, 922 F.2d at 1392.
 
 
 4
 Here, Hassan bought a hotel in Auburn, California in 1987. Seven months later, he obtained an unsecured $100,000 line of credit by falsely stating that he owned a ranch in New Zealand valued at $500,000 and livestock valued at $94,000 (Count XVI). He spent the entire $100,000 on repairs to the hotel. Within six months, he defaulted on this line of credit.
 
 
 5
 In the spring of 1988, the Truckee River bank instituted an action to foreclose upon its $540,000 security interest in the hotel. To save his other holdings from being swallowed up in the foreclosure proceeding, Hassan transferred them to Ramona Butler, an elderly employee of the Auburn Hotel (Count I). He attempted to conceal his interest in these properties by creating false promissory notes reflecting that the four houses he had transferred to Butler secured a cash loan of $540,000. On January 18, 1989, Hassan filed a Chapter 11 bankruptcy petition. In spite of Hassan's efforts, the trustee in bankruptcy discovered his equity in the four homes. Because the total of this equity and the value of the Auburn Hotel proved enough to satisfy all his creditors, Hassan claims that no loss was intended or probable and, thus, no adjustment appropriate. We disagree. Hassan's creditors were spared serious loss by the trustee's conscientious execution of her duties, not by Hassan's own good intentions. Accordingly, we affirm the district court's finding that Hassan's fraud resulted in a probable loss of $540,000.[1] See Davis, 922 F.2d at 1392.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We need not consider whether Hassan's false loan application warranted the assessment of an additional $100,000 in loss. Hassan's offense level is the same whether the probable loss was $540,000 or $640,000